IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| PATRICK GONZALES, | § | |
|---|---|---|
| | § | CIVIL ACTION NO. 17-cv-03085 |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendant.* | § | JURY DEMANDED |
| | § | |

**Joint Discovery Plan**

Plaintiff Patrick Gonzales ("Plaintiff") and Defendant Walmart Stores Texas, LLC ("Defendant" or "Walmart") respectfully file this Joint Discovery Plan.

**Plaintiff:**

Plaintiff served requests for production of documents on Walmart on October 22, 2019. On October 29, Plaintiff emailed to Walmart's counsel a draft list of topics for a corporate representative deposition. Based on Walmart's records, including employee statements, 2 or 3 Walmart employees witnessed either Plaintiff's fall, the standing liquid, or worked in the area where the accident occurred. Plaintiff has requested deposition dates for the witnesses. The testimony from these witnesses, whose depositions should be relatively short, may dispose of the need for a corporate representative deposition, but until confirmed by their deposition testimony, Plaintiff respectfully requests dates for a corporate representative deposition following the fact

witnesses, including a customer who witnessed Plaintiff's fall and provided Walmart a written statement.

Lastly, while reserving all rights to seek additional discovery if necessary, Plaintiff may want to depose Walmart's retained medical expert, Dr. Taylor D. Brown.

One legal issue that may impact discovery will be this Court's ruling regarding the procedure for admitting medical records. Plaintiff previously requested from the Court guidance on whether it will permit him to use Section 18.001 of the Texas Practices and Remedies Code to establish by affidavit evidence of the reasonableness and necessity of medical expenses incurred. Tex. Civ. P. & Rem. Code 18.001; *Turney v. Peril*, 50 S.W.3d 742, 747 (Tex. App.—Dallas 2001, pet. denied) (observing that Section 18.001 is an evidentiary cost-saving procedure, assuming the affidavits are properly executed). Walmart opposed the procedure, and Judge Hughes rejected the use of Section 18.001. *See* Dkts. 53 (Defendant's objection) & 54 ("Management Order").[1] Plaintiff respectfully asks this Court to reconsider the issue.

---

[1] The Fifth Circuit has held that state law governs what plaintiff must prove and the manner of proving it while federal law governs the sufficiency of the evidence. *See McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 482 (5th Cir. 2015); *Gorman v. ESA Mgmt., LLC*, 2018 U.S. Dist. LEXIS 1424 *1–2 (N.D. Tex. Jan. 4, 2018) (analyzing the arguments for and against and concluding, "Based on the current state of the law, the court concludes that § 18.001(b) is a substantive provision of Texas law that applies in this case."); *Cruzata v. Wal-Mart Stores Tex., LLC*, No. EP-13-CV-00331-FM, 2015 U.S. Dist. LEXIS 57270 at *18, 2015 WL 1980719 (W.D. Tex. May 1, 2015) (holding "Section 18.001 applies to this case, thereby making the contested affidavits competent to create a fact issue on medical expenses").

**Defendant**:

Defendant does not believe there is any legal issue concerning the Court's ruling regarding the procedure for admitting medical records. The Court has already ruled that Plaintiff may not use Section 18.001 of the Texas Civil Practice and Remedies Code to establish evidence of the reasonableness and necessity of his medical expenses because it does not apply in federal court. *See* Doc. 54. To the extent Plaintiff is seeking this court to revisit Judge Hughes' rulings, Defendant objects. Additionally, in the event this Court *does* revisit the ruling and overturns same, Defendant would respectfully request 30 days from the date of this Court's ruling to obtain and submit controverting affidavits, pursuant to 18.001.

With respect to Defendant's desired discovery, Defendant requests the deposition testimony of Plaintiff's girlfriend, Maria Cantu, who went with Plaintiff to Walmart on the date of incident.

Finally, in the event the parties are unable to settle this case via mediation or otherwise prior to trial, while reserving all rights to seek additional discovery if necessary, Defendant also requests the depositions of Plaintiff's medical experts, specifically: Dr. Robert S. Bell and Dr. Alan Rechter.

Dated: November 5, 2019

                                                   Respectfully submitted,

| | |
|---|---|
| The Hadi Law Firm, PLLC | BUSH & RAMIREZ, PLLC |
| */s/ Hussein Hadi* | */s/ Julie C. Warnock* |
| Texas Bar 24067641 | John A. Ramirez |
| Federal Bar 1626617 | Attorney in Charge |
| 7100 Regency Square Blvd., Suite 140 | SBN. 00798450 |
| Houston, Texas 77036 | Fed. Bar No. 21280 |
| (832) 433-7977 | Julie C. Warnock |
| (855) 423-4529 | SBN. 24063574 |
| Hadi@thehadilawfirm.com | Fed. Bar No. 1107157 |
| | 5615 Kirby Drive, Suite 900 |
| | Houston, Texas 77005 |
| Of Counsel: | (713) 626-1555 Telephone |
| Taherzadeh, PC | (713) 622-8077 Telecopier |
| Mo Taherzadeh | jramirez.atty@bushramirez.com |
| Texas Bar No. 24028022 | jwarnock.atty@bushramirez.com |
| Federal Bar No. 29596 | ATTORNEYS FOR DEFENDANT |
| 550 Post Oak Blvd., Suite 580 | |
| Houston, Texas 77027 | |
| Telephone: (713) 360-6055 | |
| mo@taherzadehlaw.com | |
| ATTORNEYS FOR PLAINTIFF | |

## CERTIFICATE OF SERVICE

    I certify that on the November 5, 2019, a copy of this Joint Status Report was served on all counsel of record via the Court's ECF system.

                                               */Mo Taherzadeh*
                                               Mo Taherzadeh